NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| N.V.E., Inc., | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 13-cv-0364 (DMC)(JAD) |
| | : | |
| MICHAEL MARINO and MICHAEL | : | |
| MARINO ENTERTAINMENT, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion to Remand by Plaintiff N.V.E. Inc. ("Plaintiff") (Feb. 18, 2013, ECF No. 3). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the Plaintiff's Motion to Remand is **granted.**

## I.     BACKGROUND[1]

Plaintiff is a New Jersey corporation which manufactures and sells nutritional and dietary supplement products nationwide. Defendant Michael Marino is an individual with an address at 10903 Hesby Street, #1, North Hollywood, California 91601. Defendant Marino is a stand-up comedian, actor, and product spokesman. Defendant Michael Marino Entertainment is a California corporation. On or about May 12, 2011, Plaintiff retained both Defendants to endorse Plaintiff's "6 HOUR POWER" line of energy shot drinks. (Pl.'s Mot. Br., Ex. A, ECF No. 3-2).

---

[1]The facts in this Background section have been taken from the parties' submissions.

1

Upon dissolution of the terms on which the agreement was predicated, both parties sued one another in state court.

Defendants Marino and Michael Marino Entertainment (collectively "Defendants") filed their Complaint in the Superior Court of New Jersey, Law Division, Sussex County, Special Civil Part, on September 7, 2012, against Plaintiff, asserting a breach of contract claim with damages of $15,000.00. Plaintiff filed its Answer on September 18, 2012. Plaintiff then filed its own Complaint in the Superior Court of New Jersey, Law Division, Sussex County, Special Civil Part, on December 17, 2012, against Defendants, asserting claims that arise out of the same transaction at issue in the Defendants' September 7, 2012 Complaint, and alleging damages "not less than $75,000." (Pl. Motion to Remand, Ex. B, ¶22, ECF 3-3). Plaintiff then filed a state court motion to consolidate the claims arising under the endorsement agreement.

Upon receipt of Plaintiff's Motion to Consolidate the state court actions, Defendants' filed a Notice of Removal on January 17, 2013. (ECF No. 1). On February 18, 2013, Plaintiff filed the Motion to Remand which is now before this Court. (ECF No. 3-7).

## II.    STANDARD OF REVIEW

A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before

the federal court." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir.2007) (citing <u>Samuel-Bassett v. KIA Motors Am., Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004)).  Thus, the Court must analyze whether the action was removable as pending in the state court. See 28 U.S.C. §§ 1441(a), 1446; <u>see also</u> <u>United States Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 389 (3d Cir.2002).  Courts must narrowly construe section 1441 against removal.  <u>See Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).

## III.   DISCUSSION

In the matter now before this Court, Defendants seek to establish federal jurisdiction by establishing both diversity of the parties and the $75,000.00 amount in controversy threshold. Plaintiff challenges both the California domiciliary status of individual Defendant Marino, and fulfillment of the $75,000.00 threshold.  While it is the finding of this Court that Defendants have established domiciliary status within the state of California, federal jurisdiction over this matter is nonetheless improper because the $75,000.00 minimum required amount in controversy is lacking.

### A.   DIVERSITY OF CITIZENSHIP

Residence in fact, and intention of making place of residence one's home, are essential elements of domicile.  <u>Korn v. Korn</u>, 398 F.2d 689 (3d Cir.1968).  As to establishing a residence in fact, Defendant Marino has a residence at 10903 Hesby Street, #1, North Hollywood, California 91601.  Defendant Michael Marino Entertainment is a California corporation which also establishes 10903 Hesby Street, #1, North Hollywood, California 91601 as its address. (ECF No. 1).

Defendant Marino was issued a California Driver's License in January of 2011.  Plaintiff issued a 1099 tax form to Defendants at 10903 Hesby Street, #1, North Hollywood, California

3

91601. This Court finds the aforementioned facts as adequate indicia of the Defendants' establishment of residence and intention to remain domiciled in California.

The only evidence provided by the Plaintiff to challenge Defendants' requisite intention to remain California residents is the existence of Defendant's New Jersey Driver's License record, and Defendant Marino's tagline, "New Jersey's Bad Boy of Comedy." Plaintiff relies on the Court of Appeals for the Third Circuit's criteria to consider when evaluating a person's intention to remain in a particular place, emphasizing the Court's inclusion of a person's "declarations." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir.1972). This Court is not persuaded by Plaintiff's argument that the Defendants' marketing slogan, disclosing only where the Defendant is from, i.e., the Defendants "domicile of origin," is relevant to question of the Defendant's intention to remain a resident of California. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

**B.     AMOUNT IN CONTROVERSY**

Irrespective of the diversity of citizenship question, the $75,000.00 minimum required amount in controversy has not been adequately established for this Court to find that federal jurisdiction over this matter is appropriate. See 28 U.S.C. § 1332. Defendants, as the parties seeking removal, bear the burden of establishing that jurisdiction is appropriate. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir.2004)). Here, the Plaintiff seeks damages "not less than $75,000." This language includes an infinite number of damages claims that would satisfy the amount in controversy, i.e., all figures greater than and including $75,000.01 – as well as one amount that does not. Simply put, it cannot be disputed that the amount being sought by the Plaintiff includes exactly $75,000.00 as a possible amount in controversy. It is well settled within the

4

Third Circuit that if the amount in controversy in a dispute is exactly what is required under §

1332, i.e., $75,000.00, then that amount does not exceed the minimum required amount that must

be at issue to find that federal jurisdiction is appropriate. See Valhal Corp. v. Sullivan Assocs.,

44 F.3d 195, 209 (3d Cir. 1995).

Moreover, Plaintiff, in its reply letter dated March 11, 2013, informally amended its

damage claim to $66,275.00. (ECF No. 6).  While this alteration to Plaintiff's pleadings may be

procedurally improper, for the purposes of this Court's determination of federal jurisdiction, the

Court finds this alteration to be submitted in good faith, and as a valid indication of the proper

venue for this dispute.  Thus Plaintiff has failed to establish that the amount in controversy

require for this matter to proceed in federal court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **granted**.  An appropriate

Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       April 22, 2013
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File

5